IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN GARNER                                                                                                PLAINTIFF

v.                                Case No. 4:22-cv-4032

JBS LIVE PORK, LLC                                                                DEFENDANT

### ORDER

Before the Court is Defendant JBS Live Pork, LLC's ("JBS") Motion to Strike Demand for Jury Trial. ECF No. 20. Plaintiff Justin Garner has responded to the motion. ECF No. 21. This matter is ripe for consideration by the Court.

### I. BACKGROUND

In late 2017, Garner was considering buying a hog farm. Garner communicated with JBS regarding his intent to purchase the hog farm. JBS then supplied Plaintiff with a letter of intent, indicating its intent to enter into a five-year Sow Production Agreement with Garner. The letter of intent included a copy of the Sow Production Agreement. The letter of intent was executed in December 2017. According to Plaintiff, the letter of intent helped him to secure the financing necessary to buy the hog farm.

On March 15, 2018, Garner and JBS signed and executed a Sow Production Agreement ("Contract"). ECF No. 20-2. Some of the terms of the Contract are as follows: (1) JBS agreed to provide breeding stock for Garner's hog farm operation; (2) Garner agreed to maintain a suitable facility for JBS's hogs in accordance with the terms and conditions of the Contract; (3) JBS agreed to pay for Garner's transfer of weaned pigs to JBS's facilities to the extent they met the specifications and conditions in the Contract; and (4) JBS agreed to pay Garner a set sum for

marketable animals that were ultimately shipped to another location. The Contract also contains a provision that waives both JBS's and Garner's right to a jury trial in connection with any disputes arising under the Contract. This waiver provision states:

> **WAIVER OF JURY TRIAL.** **THE PARTIES WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS AGREEMENT, OR UNDER ANY RELATED DOCUMENT OR AGREEMENT, AND AGREE THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.**

ECF No. 20-2, at 20.

On November 8, 2021, JBS informed Garner that it was canceling the Contract. JBS then removed all the animals from Garner's farm. Garner alleges that, after JBS advised him that it was canceling the Contract, JBS actively discouraged prospective purchasers from buying Garner's hog farm and interfered with Garner's attempts to sell the farm. ECF No. 3, at ¶¶ 69-73.

Garner filed suit against JBS, alleging four claims for relief: (1) breach of contract; (2) estoppel; (3) tortious interference; and (4) conversion. Garner asserted a jury demand. ECF No. 3, at ¶¶ 111-112. In the instant motion (ECF No. 20), JBS moves the Court to strike Garner's jury demand on the basis that Plaintiff contractually waived his right to a jury trial on all claims.

## II.  LEGAL STANDARD

"The Seventh Amendment preserves '[i]n suits at common law, . . . the right to trial by jury.'" *Bank of Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 849 (8th Cir. 2014) (citing U.S. Const. amend. VII). "A party's right to a jury trial in the federal courts is to be determined on the basis of federal law in diversity as well as in other actions." *Millsap v. Regions Bank*, No. 3:19-cv-273, 2020 WL 5898781, at *2 (E.D. Ark. Oct. 5, 2020) (citing *Klein v. Shell Oil Co.*, 386 F2d 659, 662

2

(8th Cir. 1967)). The right to a trial by jury can be waived via contract, *see Bank of Am.*, 766 at 849, provided that the right is waived knowingly and intentionally. *See R&R Packaging, Inc. v. J.C. Penney Corp., Inc.*, No. 5:12-cv-05215, 2013 WL 3776330, at *2 (W.D. Ark. Jul. 17, 2013). "[B]ecause the right to trial by jury is fundamental, courts indulge every reasonable presumption against waiver." *Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999) (citing *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995)).

### III. ANALYSIS

The waiver provision provides that the "parties waive any right to a trial by jury in any action or proceeding to enforce or defend any rights under this agreement, or under any related document or agreement." ECF No. 20-2, at 20. JBS argues that all of Plaintiff's claims fall within the scope of the jury trial waiver provision. In response, Garner argues that the waiver provision does not apply to his tortious interference claim because it "has nothing to do with the [C]ontract." ECF No. 21, at 1. Garner does not dispute that the jury waiver applies to his claims for breach of contract, estoppel, and conversion.[1] ECF No. 21, at 4.

Garner alleges that, after JBS terminated the Contract, JBS told prospective purchasers that it would not provide a contract for the production of pigs at Garner's farm. Garner also alleges that JBS told one individual that the farm was out-of-date and that it would be cost prohibitive to ship animals from the farm to JBS' other facilities. These factual allegations form the basis for Garner's tortious interference claim. The question that the Court must decide is

---

[1] In the complaint, Garner states that because JBS breached certain terms of the agreement before wrongfully canceling the Contract, the jury trial waiver provision does not apply. ECF No. 3, ¶ 111. Garner appears to have abandoned this argument, because he does not make this argument in his response to the Motion to Strike Jury Demand. ECF No. 21. In his response, Garner argues only that the waiver provision does not apply to his tortious interference claim. ECF No. 21, p. 1.

3

whether Garner's tortious interference claim constitutes an "action . . . to enforce or defend any rights under [the Contract]." ECF No. 20-2, at 20. If so, then the jury trial waiver provision is applicable to the claim.

JBS argues that Garner's tortious interference claim is based on his rights under the Contract. JBS's argument is based on Garner's statements in the complaint that "JBS knew that its unilateral termination of Garner's [C]ontract would place Plaintiff in a dire financial situation" and "JBS knew that Garner would have potential legal claims as a result of its termination of his [C]ontract." ECF No. 3, at ¶¶ 87-88. JBS asserts that these statements tie the tortious interference claim to the Contract. The Court disagrees.

Garner alleges that JBS interfered with his ability to sell his hog farm. The sale of Garner's hog farm was not contemplated under the Contract. Further, Garner's tortious interference claim arises out of actions that allegedly occurred after JBS cancelled the Contract. The allegation that JBS knew the termination of the Contract would place Garner in a dire financial situation has no bearing on whether JBS tortiously interfered with Garner's business expectancies after the cancellation of the Contract. Because the tortious interference claim arose after JBS cancelled the Contract and is based on conduct not contemplated by the Contract, the Court cannot find that the claim involves a claim or defense to enforce any rights under the Contract. Accordingly, the Court finds that the jury trial waiver provision does not apply to Garner's tortious interference claim.

## IV.   CONCLUSION

Based on these reasons, the Court finds that JBS's Motion to Strike Demand for Jury Trial (ECF No. 20) is **GRANTED IN PART** and **DENIED IN PART**. The jury demand is stricken

as to Garner's claims for breach of contract, estoppel, and conversion. However, Garner is entitled to a jury trial on his tortious interference claim.

      **IT IS SO ORDERED**, this 14th day of June, 2023.

                                          /s/ Susan O. Hickey
                                          Susan O. Hickey
                                          Chief United States District Judge